**In re: Grand Jury Proceedings, Raybourne THOMPSON, Jr., Appellant.**

No. 80–1591.

United States Court of Appeals, Fifth Circuit.

July 30, 1980.

Butler, Binion, Rice, Cook & Knapp, Donald B. McFall, Houston, Tex., Watson, Ess, Marshall & Enggas, Leonard Singer, Allan L. Bioff, Kansas City, Mo., for defendant-appellant.

Fisher, Roch & Gallagher, Michael W. Perrin, Houston, Tex., amicus curiae, for Fisher, Roch & Gallagher.

Guy L. Goodwin, Daniel I. Small, Dept. of Justice, Gen. Litigation Section, Criminal Division, Washington, D. C., for plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

GEE, Circuit Judge:

This is the expedited appeal, pursuant to 28 U.S.C. § 1826, of an order confining a "recalcitrant" grand jury witness. We have heretofore issued our judgment vacat-

ing the order appealed from and remanding the matter for further proceedings to be conducted in accordance with this opinion. The issues presented are of great importance, and we regret that they must be considered and disposed of under severe constraints of time. They are of such a nature, however, that this will always be the case; and we deal with them as best we can. In the interest of time, we adopt the government's statement of the facts and proceedings, with a few corrections and additions and without further attribution.

### Statement of the Case

Appellant Raybourne Thompson, Jr., an attorney, was subpoenaed to produce before a federal grand jury investigating a catastrophic grain elevator explosion in Galveston, Texas, certain transcribed and written statements made by witnesses to that explosion. He moved to quash the subpoena *duces tecum* on the basis of attorney-client privilege and attorney work product. After a hearing before the United States District Court and an *in camera* review by that court of the subpoenaed statements and of the grand jury testimony of four of these same employees, the court denied the motion to quash the subpoena *duces tecum*, directing Raybourne Thompson, Jr. to produce the statements. Thompson reappeared before the grand jury and declined to do so on the grounds of attorney-client privilege and attorney work product. Thereafter, the court ordered Thompson to surrender them. He continued to refuse to do so, and the United States therefore sought to have him held in civil contempt pursuant to 28 U.S.C. § 1826. The court held Thompson in civil contempt and, in accordance with the statute, ordered him confined until he complied with the court's order. The court then issued a stay of execution of the confinement portion of the order to permit the contemnor to appeal to this court pursuant to 28 U.S.C. § 1826(b).

### Statement of Material Facts

A duly empaneled federal grand jury in the Southern District of Texas at Houston is investigating the December 27, 1977, explosion and fire at the Farmers Export Company grain elevator in Galveston, Texas, in which eighteen people were killed. The grand jury seeks to determine whether any criminal violations of the Occupational Safety and Health Act, 29 U.S.C. § 666(e), may have occurred as a result of the failure to control dangerous and excessive accumulations of explosive grain dust in the elevator. Over fifty witnesses have testified, including some of the employees of Farmers Export Company who were witnesses to the explosion. Testimony before the grand jury regarding the events was somewhat contradictory, and a number of those employees of Farmers Export Company who testified were unable to recall details of the disaster.

In the course of the investigation, it was learned that Thompson, an attorney retained by Farmland Mutual Insurance Company to represent Farmers Export Company, together with attorneys from Liberty Mutual Insurance Company and insurance investigators, had taken stenographically recorded and written statements from approximately 34 witnesses to the disaster within two or three days immediately following the explosion. These statements were from workmen at the grain elevator and a few individuals who were not employees of Farmers Export Company.

A grand jury subpoena *duces tecum* was therefore issued to Thompson directing that he produce before the grand jury these contemporaneously recorded and written witness statements. Although there were additional attorney's internal memoranda of nonrecorded witness interviews, the government did not seek those memoranda but only the witnesses' recorded or written statements.

Thompson moved to quash the subpoena *duces tecum*, claiming principally that the attorney-client privilege and the attorney work product doctrine prevented the grand jury from subpoenaing these witness statements. Thompson did not claim that the employees whose statements are involved were members of the corporation's "control

group." The court examined *in camera* the written and transcribed statements of the witnesses that Thompson had refused to surrender to the grand jury and found in its order that they were made by "lower level employee-eyewitnesses." The court also examined *in camera* grand jury transcripts of four of the employee-witnesses that were offered by the government in order that the court could compare them with the statements taken two and three days after the explosion. Thereupon, the court denied the motion to quash, finding persuasive the fact that the recorded and written statements were "so contemporaneous with the event under investigation." Further orders of the court and refusals by Thompson eventuated in an order of coercive confinement and this appeal from it.

## Discussion

We rest our decision on a narrow ground. We do not reach, and express no opinion whatever upon, several of the broader contentions of the parties. Among these are whether the scope of the attorney-client privilege extends to the communications between Thompson and the "lower level employee-eyewitnesses." This question presently pends before the Supreme Court, which will doubtless soon resolve it definitively. *United States v. The Upjohn Company*, 600 F.2d 1223 (6th Cir. 1979), *cert. granted*, 445 U.S. 925, 100 S.Ct. 1310, 63 L.Ed.2d 758 (1980). Since it is pending there, and since it is one of major dimensions that we are chary of addressing and need not address in these hurried proceedings, we lay it aside for another day. Nor do we address the parties' contentions regarding the application to or effect on these proceedings of the prohibitions on discovery of statements expressed in Rule 16(b)(2), Federal Rules of Criminal Procedure, or the profound issues of due process as mandating reciprocal discovery raised by Thompson's reliance on *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). Like the scope of the corporate attorney-client privilege, these deep matters are, since it is possible, better left untouched by us for more measured consideration when that can be accorded them.

We simply hold that, assuming without deciding that none of the broader contentions of Thompson noted above would prevent production of these statements and that this type of counsel's work product would be subject to production before the grand jury upon a showing of sufficient good cause, the showing made here is not sufficient. On the record before us, the most that has been shown is that some few of the witnesses whose statements Thompson took had by the time of their grand jury testimony forgotten some of the details of the tragic event under investigation, details that might have been recalled to their minds by Thompson's statements taken contemporaneously with the event. No showing has been made that the government did not take similar contemporaneous statements, or that it lacked the opportunity to do so; indeed, it is admitted that it did have the opportunity and did so.

We attempt no exhaustive enumeration of what factors—such as those just noted—might properly go into the calculus of good cause. Time and circumstances do not permit it. Suffice it to say that to require counsel to disgorge such items of work-product as these, a far greater need for them must be shown than has yet been shown here. Meaningful review of such determinations by the trial court, moreover, whether production be granted or denied, requires that they be supported by detailed and specific findings of fact regarding each statement sought.

For these reasons, judgment and order of July 11 vacating the orders appealed from and remanding the case is reaffirmed. It is

SO ORDERED.